**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of: AMR MOHSEN,<br><br>Debtor.<br><br>———————————<br><br>AMR MOHSEN,<br><br>Appellant,<br><br>v.<br><br>CAROL WU, Chapter 7 Trustee; et al.,<br><br>Appellees. | No. 08-60031<br><br>BAP No. NC-07-1188-McPaMk<br><br>MEMORANDUM [*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
McManus, Pappas, and Markell, Bankruptcy Judges, Presiding

Submitted November 17, 2009 [**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument, and we therefore deny Mohsen's request for oral argument. *See* Fed. R. App. P. 34(a)(2).

LS/Research

Before:    ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

Amr Mohsen appeals pro se from the judgment of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's order approving settlement of litigation between the bankruptcy trustee and the insurer of Mohsen's fire-damaged home.  We have jurisdiction pursuant to 28 U.S.C. § 158(d).  We review de novo the BAP's decision, *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1222-23 (9th Cir. 1999), and we affirm.

The bankruptcy court did not abuse its discretion by approving the settlement because the record reflects the weaknesses of the lawsuit and the benefit of avoiding the delays, expense, and uncertainty of continued litigation.  *See Martin v. Kane (In re A&C Props.)*, 784 F.2d 1377, 1381 (9th Cir. 1986) (stating that where the record supports the fairness, reasonableness, and adequacy of the settlement, the bankruptcy court's approval of the settlement should be affirmed).  Contrary to Mohsen's contention, the bankruptcy court's failure to address his objections to the settlement explicitly was also not an abuse of discretion.  *Id.* at 1383-84.

Mohsen's due process contention fails because he availed himself of the opportunity to present written objections to the bankruptcy court.  *See Partington*

*v. Gedan*, 961 F.2d 852, 865 (9th Cir. 1992) (recognizing that due process does not necessarily require the opportunity to present arguments orally).

Mohsen's request for judicial notice is denied. *See Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006) (declining to take judicial notice of documents that were not relevant to the resolution of the appeal).

Mohsen's remaining contentions are unavailing.

**AFFIRMED.**